IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY ANTONIO JONES,

        **Plaintiff,**

**v.**                                       Civil Action No. 3:25cv898

DEPUTY RAJAGURU, *et al.*,

        **Defendants.**

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on December 5, 2025, the Court dismissed this action because Plaintiff failed to keep the Court updated with his current address. (ECF Nos. 5, 6.)  On December 10, 2025, the Court received a letter from Plaintiff updating his address.  (ECF No. 8.)  However, the address update was tardy, and the case had already been dismissed.  By Memorandum Order entered on March 3, 2026, the Court denied Plaintiff's request for the appointment of counsel, and explained to Plaintiff: "If Plaintiff wishes to pursue his complaint, he should refile the complaint and the Court will open it as a new civil action. However, this case remains closed." (ECF No. 12, at n.1.)

Instead of simply refiling his complaint, on March 12, 2026, Plaintiff filed a "MOTION TO VACATE – SET ASIDE AND RECONSIDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)." ("Rule 60(b) Motion," ECF No. 13.)  For the reasons set forth below, the Rule 60(b) Motion will be DENIED.

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,

674 F.3d 369, 373 (4th Cir. 2012) (citation omitted). A party seeking relief under Rule 60(b) must make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

In his Rule 60(b) Motion, Plaintiff argues that he is entitled to relief under Rule 60(b)(1). (ECF No. 13, at 1.) Rule 60(b)(1) permits a court to grant relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff's arguments are hard to follow. However, Plaintiff fails to satisfy the threshold requirements necessary to attain Rule 60(b) relief because he fails to demonstrate that he has a meritorious claim or that exceptional circumstances exist.

As background, by Memorandum Order entered on November 6, 2025, the Court conditionally docketed this action. (ECF No. 3.) On December 1, 2025, the United States Postal Service returned the November 6, 2025 Memorandum Order marked, "RETURN TO SENDER," "Not at Jail," and "Released," on November 25, 2025. (ECF No. 4.) The Court dismissed Plaintiff's case without prejudice on December 5, 2025, because he had not provided the Court with an address where he could be reached. In his Rule 60(b) Motion, Plaintiff contends that he did not receive the December 5, 2025 Memorandum Opinion until December 26, 2025, and that

2

it was out of his control, and that "enforcing this dismissal would result in manifest injustice because the Court did not reach the merits" of his complaint. (ECF No. 13, at 1–2.) Plaintiff suggests that "the Clerk of Court was fully aware of the Plaintiff's whereabouts" because he "notified the Clerk each time [he] had moved to another new location" and "the Clerk had actual knowledge and notice of [his] location at all times." (ECF No. 13, at 4.) Plaintiff argues that a "'dismissal for lack of response' was not appropriate in this matter" and was a clerical error. (ECF No. 13, at 4.) Plaintiff also argues that the Court should not have gotten rid of his case because the mail was returned to sender and he did not know that the mail was returned and this was beyond his control. (*Id.* at 5.) Attached to his Rule 60(b) Motion is a letter that is dated November 12, 2025, that provides an updated address. (ECF No. 13-1.) The Court has reviewed all four of Plaintiff's cases and this letter was not docketed in any of the four cases. Despite Plaintiff's suggestion otherwise, the Court was not aware of this address change. Therefore, as the Court previously determined, Plaintiff failed to keep the Court apprised of his current address and the Court appropriately dismissed the action.

Plaintiff fails to make the threshold showing for Rule 60(b) that he has a meritorious claim or defense. In addition, Plaintiff made no inquiry as to the status of his case for over a month and a half after he updated his address on December 10, 2025. Moreover, since Plaintiff learned that his case was closed, he has spent valuable time filing motions in this closed case, when as explained previously, he could simply resubmit his complaint if he wishes to pursue his claims. Plaintiff also fails to demonstrate any exceptional circumstances that warrant relief under Rule 60(b). *Dowell*, 993 F.2d at 48. Thus, Rule 60(b) relief is not warranted. Accordingly, the Rule 60(b) Motion (ECF No. 13) will be DENIED.

3

Nevertheless, because Plaintiff remains intent on litigating his complaint, the Court will DIRECT the Clerk to open the complaint as a new civil action. Once a new civil action has been opened, the Court will process the action. However, the present action remains closed.

An appropriate Order shall issue.

Date: 3/31/26

Richmond, Virginia

_____ /s/

M. Hannah Lauck

Chief United States District Judge

4